IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Dashon Amin Garner, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Sgt. Greg Richardson, Major J. Johnson,) <br> and Sgt. Rascoe, ) <br> ) <br> Defendants. ) <br>  ) | Civil Action No. 6:17-267-TMC-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner who is proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code 1983 and submit findings and recommendations to the district court.

On March 29, 2017, the defendants filed a motion to dismiss *in part*, arguing: (1) they are entitled to Eleventh Amendment immunity as to claims against them in their official capacities; (2) certain claims are barred by the plaintiff's failure to allege the direct involvement of the individual defendants; and, (3) several allegations in the plaintiff's complaint fail to state a claim upon which relief can be granted (doc. 14, pp. 1-2). By order filed March 30, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment and motion to dismiss procedures and the possible consequences if he failed to respond adequately (doc. 17). The plaintiff's response to the motion to dismiss was due by May 1, 2017. On April 26, 2017, the plaintiff filed a motion for an extension of time within which to respond (doc. 26). On May 9, 2017,

the court granted the plaintiff an extension of time to file his response through June 8, 2017 (doc. 30). The plaintiff did not respond to the motion to dismiss by June 8th. As the plaintiff is proceeding *pro se*, the court filed an order on June 15, 2017, giving the plaintiff through July 5, 2017, in which to file his response to the motion to dismiss (doc. 37). The plaintiff was again specifically advised that, if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff again did not file a response to the motion to dismiss.

On May 12, 2017, the defendants filed a motion for summary judgment (doc. 32). Another *Roseboro* order, again advising the plaintiff of the motion for summary judgment and motion to dismiss procedures and the possible consequences if he failed to respond adequately, was issued on May 15, 2017 (doc. 33). The plaintiff's response to the motion for summary judgment was due by June 15, 2017. The plaintiff did not timely respond. As the plaintiff is proceeding *pro se*, another order was issued on July 14, 2017, giving the plaintiff through August 3, 2017, within which to file his response to the motion for summary judgment and, again, specifically advising him that, if he failed to respond, this action would be dismissed for failure to prosecute (doc. 40). The plaintiff has not filed a response to the motion for summary judgment.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,

2

(4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no response has been filed. Meanwhile, the defendants are left to wonder when the action against them will be resolved. The plaintiff has not responded to the defendants' motion to dismiss, their motion for summary judgment, or the court's orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b). Should the district court adopt this recommendation, the defendants' motions to dismiss *in part* and for summary judgment (docs. 14, 32) will be rendered moot.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

August 14, 2017
Greenville, South Carolina

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).